# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KENDAL MOSES, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV411-159 |
| UNITED STATES OF AMERICA, | ) ) | CR409-220 |
| Respondent. | ) ) | |

## **REPORT AND RECOMMENDATION**

Kendal Moses has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. CR409-220, doc. 30. According to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a judge "must dismiss the motion" when it "plainly appears . . . that the moving party is not entitled to relief." Moses's motion is untimely, so it must be dismissed.

Moses was required to file his § 2255 motion within one year of the date his judgment of conviction became final. 28 U.S.C. § 2255 (f)(1); *Enriques v. United States*, 2011 WL 721306 at * 1 n. 2 (11th Cir. Mar. 2, 2011). The Court entered judgment against him on February 19, 2010, doc. 27, and he took no appeal, so finalization occurred 14 days later, on

March 1, 2010. *Adams v. United* States, 173 F.3d 1339, 1343 n. 2 (11th Cir. 1999); *Arroyo v. United States*, 359 F. App'x 118, 119 (11th Cir. 2009); Fed. R. App. P. 4(b)(1)(A)(i).[1] Moses signed his § 2255 motion on June 2, 2011 -- 458 days after March 1, 2010. Doc. 30 at 6. It therefore is too late. Nor has he offered any facts to warrant tolling of the limitations period.

Moses also has filed a "Petition for a Writ of Mandamus," doc. 31, which at best is a confusing mish-mash of assertions and conclusions. This much, however, is clear: He cites *state* law in basically asking this Court to interfere with some sort of ongoing state court proceedings against him. *See id.* at 1-4 (seeking to enjoin the state from using charges against him that he feels could have been brought against him

---

[1] *Adams* and *Arroyo* speak of 10 days, but those cases applied the pre-2009 version of Fed. R. App. P. 4(b)(1)(A)(i); it was changed from 10 to 14 days in 2009. Thus, "the time for filing a direct appeal [now] expires 14 days after the written judgment of conviction is entered on the criminal docket. Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6)." *Robinson v. United States*, 2011 WL 2222501 at * 1 (M.D. Fla. Jun. 7, 2011). "The judgment is 'entered' when it is entered on the docket by the Clerk of Court. Fed. R. App. P. 4(b)(6). Moreover, now every day, including intermediate Saturdays, Sundays, and legal holidays are included in the computation. *See* Fed. R. App. P. 26(a)(1)." *Remedios v. United States*, 2011 WL 1598843 at * 4 n. 6 (S.D. Fla. Mar. 28, 2011), *adopted*, 2011 WL 1628026 (S.D. Fla. Apr. 28, 2011).

years ago, etcetera); *see also State v. Kendal*, CR091387[2] (Superior Court of Chatham County, date filed Jun. 17, 2009 & Status Conference on "Aggravated Assault" case scheduled for Aug. 29, 2011).[3] He thus is advancing a 28 U.S.C. § 2241(c)(3) petition in disguise.[4] Aside from the fact that it must be brought as a separate petition, it also must be denied. Absent special circumstances not cited here, all of the claims he raises must first be exhausted,[5] and Moses has not shown that.

---

[2] Available online by inputting his name at http://www.chathamcounty.org/jims/index.htm. (last visited June 27, 2011).

[3] Moses has, simultaneously with the instant motion, filed a 42 U.S.C. § 1983 lawsuit against some of the state officials involved in that prosecution. *Moses v. Elmore*, CV411-157 (S.D. Ga. Complaint filed Jun. 22, 2011).

[4] 28 U.S.C. § 2241(c)(3) provides a federal habeas remedy to a state pretrial detainee who contends that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n. 1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

[5] While § 2241(c)(3) does not contain an exhaustion requirement similar to that found in § 2254, courts have adopted such a requirement for § 2241 petitions. *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring); *Montez v. McKinna.* 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (under federalism principles,

Accordingly, the Court should **DISMISS** Kendal Moses's 28 U.S.C. § 2255 motion and "Petition." Docs. 30 & 31. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.

---

exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

It is not impossible to obtain § 2241 relief, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92 (1973), but federal courts typically do not, absent special circumstances not pled here, interfere with ongoing (thus non-final) state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 46-48 (1971) (federal courts are required to abstain from interfering with pending state proceedings except under certain limited exceptions); *Hughes*, 377 F.3d at 1261–64. No such showing has been made here. *Jimenez v. Sheriff of Miami-Dade County*, 2011 WL 1114313, *4 (S.D. Fla. Jan. 28, 2011) (same result and citing as additional factor, that petitioner was represented by counsel in state proceedings), *adopted*, 2011 WL 1099971 (S.D. Fla. Mar. 24, 2011). Instead of running to federal court, Moses should raise his contentions before the state courts, which are perfectly capable of determining whether his federal rights have been violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law.").

4

Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  27th  day of June, 2011.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA